FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 23  AM 11: 37

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUAN RIOS GASPARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 03-1746** |
| **ST. BERNARD SHERIFF'S OFFICE, ET AL.** | **SECTION "K" (5)** |

## ORDER

Before the Court is defendant Jeffrey Navo's Motion for Summary Judgment pursuant to Rule 56 (Rec. Doc. No. 39).  Having reviewed the relevant pleadings, memoranda, and law, the Court **GRANTS** in part and **DENIES** in part defendant's Motion to Dismiss.

## Facts

On June 20, 2002 plaintiff Juan Gaspard was involved in a domestic dispute with his wife which culminated in his arrest. On June 17, 2003, plaintiff filed suit (Rec. Doc. No. 1) against several defendants, including Jeffrey Navo.  On February 6, 2004 plaintiff filed a First Supplemental and Amending Complaint (Rec. Doc. 21) for claims of unlawful arrest, false imprisonment, civil rights and Section1983 violations, assault and battery, negligence, and intentional infliction of emotional distress.  Specifically as to defendant Navo, plaintiff alleges

___ Fee _____
___ Process _____
X  Dktd _____
___ CtRmDep _____
___ Doc. No _____

two separate incidents giving rise to his claims of assault and battery. The first incident occurred when plaintiff and his wife were arguing and during the course of the argument she walked to a neighbor's house. Plaintiff followed her. Defendant Navo, who lived at the house, then appeared and allegedly began cursing at plaintiff in a threatening manner, prompting plaintiff to return home and call the St. Bernard Parish Sheriff's Department. *See* Amended Complaint, Rec. Doc. No. 21. The second incident allegedly occurred during the course of plaintiff's eventual arrest. Plaintiff accuses defendant Navo, who is employed as a Jefferson Parish Sheriff's Office Deputy, of committing an assault and battery on him while he was being arrested by St. Bernard Parish deputies. Pursuant to Rule 56, defendant Navo filed the instant Motion for Summary Judgment on August 26, 2005 arguing that plaintiff cannot present any set of facts that would support a claim for assault and/or battery against defendant. *See* Rec. Doc. No. 39. The Court now turns to this motion.

## Legal Standard

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment. Fed. R. Civ. P. 56(e). Rather, the non-movant must come forward with "specific facts" that establish an issue for trial. *Id.*

When deciding a motion for summary judgment, the Court must avoid a "trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are tasks for the trier-of-fact. *Anderson*, 477 U.S. at 255. To that end, the Court must resolve disputes over material facts in the non-movant's favor. "The party opposing a motion for summary judgment, with evidence competent under Rule 56, is to be believed." *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir. 1987).

## Analysis

**The First Incident**

As to the first incident, the issue before this Court is whether there are any facts that could prove that defendant Navo assaulted plaintiff when plaintiff, in pursuit of his wife, approached defendant Navo's doorstep and was cursed at by defendant Navo. The Court finds that based on the record presented, plaintiff has failed to allege specific facts that would establish a genuine issue for trial as to this first incident. Plaintiff has not pleaded with any particularity

what precise conduct by defendant Navo could give rise to an assault claim under Louisiana state law. At most plaintiff alleges a heated verbal exchange whereby defendant Navo cursed at plaintiff and told plaintiff to leave his property. Even if true this fact alone is not enough to sustain an assault claim. As such, the Court finds that as to the first incident, defendant Navo's Motion for Summary Judgment must be granted.

**The Second Incident**

Defendant Navo also argues that plaintiff cannot identify him as being involved with any of the events that took place between plaintiff's arrest in plaintiff's home to plaintiff being placed in a police car. In response, plaintiff states that during this second incident plaintiff's face was allegedly smashed into the ground while he was being arrested. Thus plaintiff was necessarily unable to identify his attacker. However, plaintiff avers that several other witnesses were present to the assault and battery at the time of his arrest. These witnesses have identified defendant Navo as not only being at the scene of the arrest, but also as an active participant in the alleged assault and battery. In support plaintiff attaches several affidavits executed by these witnesses. Plaintiff argues that these witnesses will testify at trial that defendant Navo struck plaintiff repeatedly during the course of the arrest.

As to the second incident, the issue before this Court is whether there are any facts that could prove that defendant Navo participated in the alleged assault and battery effected on plaintiff while he was being arrested. Because this is a motion for summary judgment the Court must resolve any disputes over material facts in the non-movant plaintiff's favor. Consequently, the Court finds that based on the affidavits and pleadings presented by the plaintiff to date,

...

plaintiff has come forward with enough specific facts as to defendant Navo's involvement in the second incident to survive a motion for summary judgment at this time.

Accordingly,

**IT IS ORDERED** that defendant Jeffrey Navo's Motion for Summary Judgment (Rec. Doc. No. 39) is hereby **GRANTED** as to the first incident, specifically plaintiff's claim for assault while outside defendant Navo's residence.

**IT IS FURTHER ORDERED** that defendant Jeffery Navo's Motion for Summary Judgment is **DENIED** as to the second incident, specifically plaintiff's claims against defendant Navo for assault and battery while plaintiff was being arrested. Defendant Navo may re-urge this part of his Motion if, upon further discovery, the facts so warrant.

Houma, Louisiana, this 21st day of November, 2005.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE